IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| U.S. NATIONAL BANK ASSN., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:16-CV-0125-M-BK |
| § | |
| ARTURO A. MONDRAGON and § | |
| CELIA MONDRAGON, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, the Court now considers Plaintiff's *Motion for Default Judgment*. Doc. 9. The requisites for default judgment having been satisfied in this case, it is recommend that the motion be **GRANTED**.

**A. Background**

Plaintiff initiated this declaratory judgment action against Defendants in January 2016, seeking to foreclose on real property based on Defendants' default on the loan agreement that they signed in connection with the purchase of their home (the "Property"). Doc. 1 at 4-5. Plaintiff avers that it served Defendants with the requisite notices of default and requests to cure, but the default was not cured so the maturity of the debt was accelerated. Doc. 1 at 5. Accordingly, Plaintiff now brings this suit to obtain an order for foreclosure. Doc. 1 at 5. Despite being properly served with the summonses and complaint, Defendants failed to answer or otherwise respond to this suit. Doc. 6; Doc. 7. Consequently, the Clerk entered a default against Defendants at Plaintiff's request. Doc. 8; Doc. 10. Plaintiff now seeks a default judgment against Defendants. Doc. 9.

**B. Applicable Law**

The conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment, are found in Rule 55 of the Federal Rules of Civil Procedure. The entry of default judgment is the culmination of three events: (1) default, which occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure; (2) entry of default by the clerk of court when such default is established by affidavit or otherwise; and (3) application by plaintiff to the clerk for a default judgment after the entry of default. FED. R. CIV. P. 55(a); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

Standing alone, however, a defendant's default does not entitle a plaintiff to a default judgment. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam); *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The decision to grant a default judgment is one soundly within the district court's discretion. *Lewis*, 236 F. 3d at 767. "[D]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Assoc.*, 874 F.2d 274, 276 (5th Cir. 1989)). There must be a sufficient basis in the pleadings for a court to enter judgment by default. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. In defaulting, defendants, by virtue of having a default entered against them, are deemed to have admitted the well-pleaded allegations of the complaint and are precluded from contesting the established facts. *Id.* (citations omitted).

### C. Argument and Analysis

Plaintiff requests that the Court enter a default judgment against Defendants, allowing foreclosure of the Property at issue. Doc. 9 at 2. Additionally, Plaintiff requests reasonable and necessary attorneys' fees, with the amount to be determined by subsequent motion practice. Doc. 9 at 3. Plaintiff has submitted a proposed order. Doc. 9-2 at 1-4.

Based on the record in this action, the Court determines that Defendants are in default and that Plaintiff is entitled to a default judgment, declaratory relief, foreclosure of the Property, and attorney's fees and costs. In short, the well-pleaded allegations of Plaintiff's complaint establish that Defendants executed a deed of trust ("Security Instrument"), as well as a Note in the principal amount of $104,000.00, in December 2004. Doc. 1 at 4. Beginning in November 2014, Defendants failed to make the requisite monthly payments and defaulted on the loan. Doc. 1 at 4. U.S. Bank, as current holder of the Note and Security Instrument, advised Defendants of the default and requested that they cure the default. Doc. 1 at 4. When Defendants did not do so, the balance of the Note was accelerated. Doc. 1 at 4.

Upon consideration of those facts, Plaintiff has presented the Court with a sufficient basis on which to grant a default judgment against Defendants on their claim for foreclosure. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Additionally, Plaintiff alleges that it has been forced to hire attorneys to seek an order allowing foreclosure and is therefore entitled to and seeks judgment against Defendants for its reasonable attorneys' fees in this action as provided by the Security Instrument. Taking this well-pleaded allegation as true, Plaintiff is also entitled to default judgment on this claim.

**D.  Conclusion**

For the foregoing reasons, it is recommended that Plaintiff's *Motion for Default Judgment*, Doc. 9, be **GRANTED**, and that upon acceptance of this recommendation, the Court enter Plaintiff's proposed Final Default Judgment, Doc. 9-2 at 1-4.

**SO RECOMMENDED** on May 13, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE